IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03173-NYW

FRONT RANGE GASTROENTEROLOGY ASSOCIATES, P.C. and
COLORADO ENDOSCOPY CENTERS, LLC,

     Plaintiffs,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,
AN INDIANA CORPORATION,

     Defendant.

---

## ~~AMENDED PROPOSED~~ AMENDED SCHEDULING ORDER

---

### 1.   DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The scheduling conference will be held in Courtroom A-254, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado on April 10, 2015 at 1:30 pm.

The following appeared as counsel on behalf of the parties:

Plaintiffs:
Brandee Bower, Esq.
Merlin Law Group, PA
999 18th Street, Suite 3000
Denver, CO 80202
303.357.2374
Bbower@merlinlawgroup.com

<u>Defendant</u>:
Joseph J. Aguda, Jr.
Nielsen, Carter & Treas, L.L.C.
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Phone: (504) 837-2500
jaguda@nct-law.com

Kevin F. Amatuzio
David C. Fawley
Montgomery Amatuzio Dusbabek Chase, L.L.P.
4100 East Mississippi Avenue, 16th Floor
Denver, Colorado 80246
Telephone: 303.592.6600
kamatuzio@madc-law.com
dfawley@madc-law.com

## 2.  STATEMENT OF JURISDICTION

This Court has jurisdiction of this action pursuant to the National Flood Insurance Act,

specifically 42 U.S.C. §§ 4001, *et seq.*

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff(s):

This is an action by the Plaintiffs Front Range Gastroenterology Associates, P.C., ("Front

Range") and Colorado Endoscopy Centers LLC ("CEC"), against their insurance carrier

Defendant Hartford Insurance Company of the Midwest ("Hartford Insurance" or the

"Defendant"), for benefits owed under their respective flood insurance policies, which have not

been fully paid, as a result of flooding events that occurred on or about September 12, 2013.

Plaintiffs have sued for breach of contract based upon catastrophic losses Plaintiffs sustained due

to a flooding event. Plaintiffs filed a claim with Defendant and Defendant failed to adequately

investigate the scope of damages and failed to properly determine the amount of damages.

Defendant ignored the estimates provided by Plaintiffs.

b.      Defendant:

As initial matters, Hartford contends that the Plaintiffs are not entitled to trial by jury, pre or post-judgment interest, attorney fees, any state law based claims, or consequential or economic damages. All of these issues will be briefed by Hartford and are predicated on existing case law surrounding the NFIP. The Plaintiffs are limited to breach of contract claims against Hartford. Further, Plaintiffs' lawsuit may be time barred.

Hartford is paid a percentage of any claim payment made to the Plaintiffs; therefore, it has no incentive to undervalue the claim.  All sums due under the Policy have been paid.

As the fiduciary and fiscal agent of the United States, Hartford is bound to follow the directives of FEMA, the agency vested by Congress to administer the NFIP. James Sadler, the FEMA Director of Claims, and his staff have reviewed Plaintiffs' claim and found that the Plaintiff's claim has been properly handled and that no further sums are due.

c.      Other parties:

N/A

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      Plaintiffs purchased a flood insurance policy from Defendant, which participated with Federal Emergency Management Agency ("FEMA"), and consequently issued the federal Standard Flood Insurance Policy ("SFIP) to the Plaintiffs.

2.      Each Plaintiff is a named insured under Defendant's flood insurance policy number 87050406312013 (the "Policy"), which was issued pursuant to the National Flood Insurance Program.

3.    Plaintiffs are the owners of the subject property and occupy businesses located at 205 S. Main Street, Suite A, Longmont, CO 80501 (the "Property").

4.    At all times material hereto, Defendant is a foreign corporation and insurance company authorized to do business in the State of Colorado.

5.    Defendant issued the Policy to Plaintiff Front Range as a named insured under the Policy, which Policy insured the Property owned by Front Range at the Property.

6.    All premiums on the Policy were paid, and the Policy was in full force and effect at all relevant times herein.

7.    On or about September 11, 2013, heavy rains began to fall over the northern Front Range region of Colorado.

8.    In the hours following, it became clear that St. Vrain Creek in Longmont, CO would overrun its banks and flood adjacent properties.

9.    On or about September 12, 2013, and continuing into September 13, 2013, properties adjacent to St. Vrain Creek and other bodies of water in the area were affected by flooding.

10.    This water intrusion was a flood event, a covered risk under the Policy.

11.    Front Range's property sustained losses as a result of flood waters associated with the flooding event.

12.    Following the flooding event, Plaintiff Front Range submitted an insurance claim to the Defendant for the losses and damages caused by flood.

13.    Defendant assigned an adjuster to inspect Plaintiff's property and prepare an estimate of damages.

14.    On or about November 4, 2013, Plaintiff Front Range sent a Proof of Loss and supporting documentation to the Defendant in the total amount of $198,265.55 for business personal property.

15.    Defendant issued the Policy to Plaintiff CEC as a named insured under the Policy, which Policy insured property owned by CEC.

16.    CEC's property sustained losses as a result of flood waters associated with the flooding event.

17.    Following the flooding event, Plaintiff CEC submitted an insurance claim to the Defendant for the losses and damages caused by flood.

18.    Defendant assigned an adjuster to inspect Plaintiff's property and prepare an estimate of damages.

19.    On or about November 4, 2013, Plaintiff CEC sent a Proof of Loss and supporting documentation to the Defendant in the total amount of $500,000 for business personal property.

### 5. COMPUTATION OF DAMAGES

**Plaintiffs** claim the following:

Front Range - $198,265.55 for business personal property

CEC - $500,000 for business personal property

Plus attorney fees, costs and other relief as the Court deems just and proper.

**Defendant** posits that the claim has been properly paid under the strictures of the NFIP and SFIP and that no further sums are owed. Further, all extra-contractual damages, including state-law based theories of recovery such as bad faith, interest and attorneys' fees, are preempted.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting:

Counsel for the parties have had multiple conversations regarding the case and the scheduling order, most recently on April 9, 2015.

b.  Names of each participant and party he/she represented:

Brandee Bower, Esq. – Plaintiffs

David Fawley – Defendant

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made:

Plaintiffs will serve their disclosures before the scheduling conference.

Defendant served its disclosures on April 7, 2015.

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

None.

e.  Statement concerning any agreements to conduct informal discovery:

The parties do not presently have any agreement to conduct informal discovery, but the parties will continue to discuss this.

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties do not presently have any agreement to reduce discovery/litigation costs.

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

6

Plaintiffs do not anticipate that the claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or record maintained in electronic form.

h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

None at this time, but the parties will discuss settlement and methods to effect settlement.

## 7.  CONSENT

All parties  ☐ [have]  ☒ [have not] consented to the exercise of jurisdiction of a magistrate judge.  The Parties are directed to file the Magistrate Judge Consent Form [#3-1] no later than April 20, 2015.

## 8.  DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

~~None.~~Each party may serve up to twenty-five (25) interrogatories, including discrete subparts, and take up to ten (10) depositions, including experts.

b.    Limitations which any party proposes on the length of depositions:

~~The parties agree to a presumptive time limit~~ of one day of seven (7) hours for each deposition, subject to modification by agreement of counsel or leave of Court.

c.    Limitations which any party proposes on the number of requests for production and/or requests for admission:

Each party may serve up to thirty (30) ~~per party~~requests for production and thirty (30) requests for admissions, exclusive of requests for admissions directly solely at the authentication of documents.

d.      Other Planning or Discovery Orders

None.

## 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:  ~~June 15, 2015~~May 25, 2015

b.      Discovery Cut-off:  ~~January 30, 2016~~October 12, 2015

c.      Dispositive Motion Deadline: ~~February 30, 2016~~November 13, 2015

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if

any.

Plaintiffs:  Insurance claims practices and standards and damages.

Defendant: Any rebuttal experts as well as valuation of damages.

2.      Limitations which the parties propose on the use or number of expert witnesses.

None.

3.      The parties shall designate all experts and provide opposing counsel and any pro

se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before

~~October 15, 2015~~August 10, 2015.

4.      The parties shall designate all rebuttal experts and provide opposing counsel and

any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or

before ~~November 15~~September 11, 2015.

e.      Identification of Persons to Be Deposed:

Corporate representative of Defendant – 7 hours.

8

Adjusters who worked on the file, both for Defendant and independent adjusters, if applicable – 7 hours each.

Defendant's expert witnesses – 7 hours each.

Other witnesses pursuant to initial disclosures and discovery responses – 7 hours each.

Plaintiffs' representatives – 7 hours each.

Plaintiffs' experts – 7 hours each.

f.      Deadline for Interrogatories: ~~October 1, 2015~~Forty-five (45) days prior to the close of discovery.

g.      Deadline for Requests for Production of Documents and/or Admissions: ~~October 1, 2015~~Forty-five (45) days prior to the close of discovery.

## 10.  DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

_____.

b.      A final pretrial conference will be held in this case on TBD at_____o'clock

_____m.          A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.  The Parties are directed to file a Notice Regarding Final Pretrial Conference once a presiding judge is designated.

## 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b.      Anticipated length of trial and whether trial is to the court or jury:

5 days.  The parties disagree as to whether Plaintiffs are entitled to a jury trial.

c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(d). by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 15th day of April, 2015.

BY THE COURT:

s/ Nina Y. Wang

_____
United States Magistrate Judge

10

APPROVED:

_s/ Brandee B. Bower, Esq._
Brandee B. Bower, Esquire
Colorado Bar No.: 44702
MERLIN LAW GROUP, P.A.
999 18th Street, Suite 3000
Denver, Colorado 80202Telephone: 303-357-2374
Facsimile: 303-357-2377
Bbower@merlinlawgroup.com

_Attorneys for Plaintiffs_

_s/ Joseph J. Aguda, Jr._
Joseph J. Aguda, Jr.
Nielsen, Carter & Treas, L.L.C.
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Phone: (504) 837-2500
jaguda@nct-law.com


_s/ David C. Fawley_
Kevin F. Amatuzio
David C. Fawley
4100 East Mississippi Avenue, 16th Floor
Denver, Colorado 80246
Telephone: 303.592.6600
kamatuzio@madc-law.com
dfawley@madc-law.com

_Attorneys for Defendant_